Lamar R. Johnson and Ruth Johnson v. Commissioner.
Johnson v. Commissioner
Docket No. 2018-62.
United States Tax Court
T.C. Memo 1965-138; 1965 Tax Ct. Memo LEXIS 189; 24 T.C.M. (CCH) 738; T.C.M. (RIA) 65138; May 24, 1965
*189 de Quincy V. Sutton, Dixie Towers, Meridian, Miss., for the petitioners. Homer F. Benson, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1959 in the amount of $3,404.96 and an addition to tax under section 6653(a) of the Internal Revenue Code of 1954 in the amount of $170.25. The issue for decision is by what amount was one of petitioners' income from a clothing business which he operated as a sole proprietorship understated and the amount that petitioner received from a corporation of which he was the principal stockholder as dividends. Findings of Fact Petitioners, husband and wife residing in Meridian, Mississippi, filed a joint income tax return for the taxable year 1959 with the district director of internal revenue at Jackson, Mississippi. Prior to June 1, 1959, Lamar R. Johnson (hereinafter referred to as petitioner) engaged as a sole proprietor in a retail mercantile business in Meridian, Mississippi. Petitioner used the name, "Sidney Clothiers," for this business, but its trade name was Meridian Mercantile, *190 and during the year 1959 a bank account for this business under the name "Meridian Mercantile" was maintained by petitioner at the First National Bank of Meridian (hereinafter referred to as First National Bank). During the year 1959 petitioner made deposits totaling $20,517.67 to the Meridian Mercantile account in the First National Bank. Of this amount $1,000 was the proceeds of a loan from the First National Bank to petitioner, $45 was from amounts received by petitioner from Interstate Finance & Loan Service, Inc., a corporation of which he was the principal stockholder during the year 1959, $24.50 represented a loan from the Jet Loan Company, and $181.90 represented redeposits of checks drawn on the account of Meridian Mercantile. During the year 1959 petitioners maintained a joint bank account with the Citizens National Bank of Meridian. During the year 1959 petitioners made total deposits to this account in the amount of $3,231.90. Of these total deposits, the amount of $1,914.65 was made from amounts received by Ruth Johnson as salary payments from a law firm by which she was employed as a secretary. [1] The other amounts deposited in petitioners' joint account at the Citizens *191 National Bank were deposits generally made by Ruth Johnson from amounts given to her by her husband. In 1959, petitioner organized a corporation known as Interstate Finance & Loan Service, Inc., of which he was the manager and principal stockholder. In December 1959 petitioner purchased a Cadillac automobile for a price of $7,175. This automobile was paid for with a check of Interstate Finance & Loan Service, Inc. Petitioner borrowed $5,500 from Hall Brothers Company, Inc., giving a chattel mortgage on the Cadillac automobile to secure his note and deposited the $5,500 he received by this loan to the account of Interstate Finance & Loan Service, Inc., in December 1959. Subsequent to the year 1959, Interstate Finance & Loan Service, Inc., became involved in a receivership proceedings and the books of that *192 company and of Meridian Mercantile were turned over to the receiver and at the date of trial could not be located. Petitioners on their 1959 joint income tax return reported a net loss of $5,316.15 which was composed of the following items: Lamar R. Johnson, salary as Manager, Interstate Finance & Loan Corporation $700 ($64.40 tax withheld), Ruth Johnson, salary as secretary $2,276 (with no tax withheld), loss - Sidney Clothiers, Meridian, Mississippi $8,292.15. This loss from Sidney Clothiers was computed by showing sales of $9,162.85, reduced by purchases of $14,778.44 and operating expenses of $2,676.56. Petitioners listed deductions for interest of $526.50, child support $600, preparation of income tax returns $35, taxes $265.20, and medical expenses of $319.94, totaling $1,746.64, and showing as the resultant net income a loss of $7,062.79. Respondent in his notice of deficiency made the following adjustments to income with the following explanations: Adjustment to Income
Taxable income as disclosed by return
[2] ($ 8,862.79)
Additional incomes and unallowable deductions: (a) Sales increased
$11,991.90
(b) Dividends
11,475.00
(c) Child care
600.00
(d) Medical expense
319.94
(e) Other non-business deductions
826.70
$25,213.54
Total
$16,350.75
Nontaxable income and additional deductions
(f) Standard deductions
1,000.00
Taxable income as corrected
$15,350.75
Explanation of Adjustments
(a) It is determined that sales of Sidney Clothiers amounted to
$21,154.75 whereas you reported sales of $9,162.85. Your taxable income has,
therefore been increased by the difference of $11,991.90.
(b) It is determined that you realized taxable dividend income from
Interstate Finance & Loan Service in the amount of $11,475.00 computed as
shown below.
*193 Date
Amount Received
9/ 3/59
Cash
$ 1,330.00
10/31/59
Cash
3,070.00
12/31/59
Auto Purchase
7,175.00
Total
$11,575.00
Less: Dividend exclusion
100.00
Taxable dividends
$11,475.00
(c) Section 214(b) of the Internal Revenue Code provides that expenses
for the care of certain dependents shall be reduced by the amount by
which the adjusted gross income of the taxpayers exceeds $4,500.00. Inas-
much as your adjusted gross income, as corrected, exceeds $5,100.00 no
deduction is allowable for child care. Your taxable income is, therefore,
increased by the amount of $600.00.
(d) It is determined that due to the increase in the amount of your
adjusted gross income the medical expense deduction claimed in the amount
of $319.94 is not allowable. Accordingly, your taxable income is increased
in the amount of $319.94.
(e) Inasmuch as other nonbusiness deductions claimed amounting to
$826.70 are less than the optional standard deduction allowable they are
disallowed in full in order that the standard deduction may be allowed.
Accordingly, your taxable income is increased by the amount of $826.70.
(f) Since the nonbusiness deductions claimed have been disallowed it is
determined that you are entitled to a standard deduction of $1,000.00.
*194 Opinion The issues here are purely factual. Petitioner recognizes that because of his inability to produce any books and records, respondent's determination, which respondent's counsel stated at the trial was based upon a bank deposits method, must stand. Petitioner contends, however, that the evidence is sufficient to explain all of the additions determined by respondent, except $14,270.22, which when reduced by the loss claimed on the returns, would result in a net income of not more than $5,407.43. Respondent at the trial and on brief concedes that only $1,675 of the amount shown in his notice of deficiency as a dividend from Interstate Finance & Loan Service, Inc., for "Auto Purchase" is properly includable in petitioners' income for the year 1959 since the amount of $5,500 of the "Auto Purchase" was actually proceeds of a loan to petitioner, personally deposited by petitioner in the bank account of Interstate Finance & Loan Service, Inc. [3] However, respondent *195 contends that petitioner has not otherwise shown error in his determination. Respondent on brief contends that the amount of $11,991.90 determined by him to be "increased sales" of Sidney Clothiers is proper and states that the following computation shows how he arrived at this amount on the bank deposits method: Sales per return - Sidney Clothiers
$ 9,162.85
Deposits - First National Bank
$20,517.67
Less: Loans
1,000.00
19,517.67
$10,354.82
Cash withheld for personal use not deposited -
Personal deposits Citizens National Bank
$ 3,231.90
Less: Salary received by Mrs. Johnson
2,276.00
Excess deposited over earnings
955.90
Sales unreported from Sidney Clothiers
$11,991.90
Since at the trial respondent in effect agreed that the bank deposits used to compute the additional sales of Sidney Clothiers were arrived at from deposits made to petitioners' joint account at Citizens National Bank plus those made to the account of Meridian Mercantile at the First National Bank, we agree *196 with petitioner that the approach to take is to determine what amount from the total of these two accounts petitioner has explained as not properly being additional sales of Sidney Clothiers. The total amount deposited by petitioners in these two accounts was $23,749.57. From the evidence we conclude that petitioner has shown that $3,801.65 of this amount came from sources other than sales by Sidney Clothiers, thus leaving $19,947.92 as the total sales of Sidney Clothiers. Since $9,162.85 was reported on petitioners' joint tax return as sales by Sidney Clothiers, this leaves an amount of $10,785.07 as a proper sales increase of Sidney Clothiers instead of $11,991.90 determined by respondent. The items which we have concluded have been explained by petitioner consist of the following: Loan from First National Bank
$1,000.00
Salary of Ruth Johnson
1,914.65
Checks of Meridian Mercantile deposited in the Meridian Mer-
cantile bank account
181.90
Check from Interstate Finance & Loan Service, Inc.
45.00
Loans from Jet Loan
24.50
Salary of petitioner from Interstate Finance & Loan Service
$700.00
Less tax withheld
64.40
635.60
$3,801.65
*197 The only proof petitioner has shown of any overstatement by respondent of dividends from Interstate Finance & Loan Service, Inc., is the $5,500 which respondent has conceded. This leaves, therefore, a total dividend income from Interstate Finance & Loan Service, Inc., unexplained by petitioner of $6,075, which, after allowance of a $100 dividend credit, leaves dividends of $5,975 to be included in petitioners' income in lieu of $11,475.00 determined by respondent. It is obvious that petitioners' income when recomputed will be sufficiently large that petitioners will be entitled to no deduction for child care. Whether petitioners will be entitled to any deduction for medical expenses and whether the other nonbusiness deductions claimed by petitioners will exceed the standard deduction is a matter that will be based on the computation of petitioners' income upon the conclusions reached in this opinion. Petitioners offered no evidence to show that respondent erred in determining the addition to tax under section 6653(a) of the Internal Revenue Code of 1954, and therefore respondent is sustained in this determination to the extent of 5 percent of the deficiency *198 redetermined in accordance with our conclusions herein. Decision will be entered under Rule 50. Footnotes
1. Ruth Johnson testified, identifying the deposits which came from her salary. The addition of the total amounts shown in her testimony is $1,914.65. However, she stated that a deposit under date of June 30, 1959, in the amount of $65 was from her salary, whereas the exhibit listing deposits to the joint account shows that the deposit on this date was in the amount of $60.↩
2. The record does not disclose the basis for respondent's determination that the taxable net income as disclosed by the return was ($8,862.79), but since petitioner has not contested this determination we accept it.↩
3. Petitioner raised no issue with respect to the availability of earnings and profits of Interstate Finance & Loan Service, Inc., for the payment of dividends.↩